[No. 12607. In Bank.—September 22, 1888.]

DAWSON LOW, Respondent, *v.* L. M. WARDEN, Appellant.

Instruction — Admission of Pleadings — Appeal — Error without Prejudice. — An immaterial and harmless error in an instruction respecting a fact admitted by the pleadings is not ground for a reversal of the judgment upon appeal.

Id. —Taking Question from Jury — Partnership — Assignment of Firm Note. — An instruction to the effect that an indorsement of a note due to a firm, made by one partner with the consent of his copartner, by writing the firm name across the back with the intent to assign the note to himself, is a sufficient assignment and indorsement of the note, and

that he thereupon became the owner and holder thereof, is correct, and does not take from the jury the question as to whether or not the note was in fact assigned and delivered.

ID. — PAYMENT. — Where nearly all the testimony relates to the question of payment, and is conflicting upon that question, an instruction that the main question of fact is the question of payment does not charge the jury with respect to matters of fact.

AGENCY — COLLECTION OF NOTE — EXTENSION OF TIME OF PAYMENT. — The president of a bank who is authorized to collect a note, with instructions not to let it outlaw, has no authority to extend the time of payment, so as to deprive the owner of the right to sue thereon before the note is outlawed if it is not paid in fact.

ID. — PAYMENT IN BANK — EVIDENCE. — When the evidence is conflicting as to whether a payment in bank by the maker of a note which has been deposited with the president of the bank for collection was made upon the note, or was deposited for his own use and credit, testimony is admissible to show that the money was withdrawn from the bank by the defendant upon his own check.

INSTRUCTION — APPEAL — REASONS FOR RULING. — An instruction which is misleading and erroneous should be refused on that ground; and upon appeal, it is not necessary to determine whether another reason given by the court for refusing it was valid or not.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Graves, Turner & Graves,* for Appellant.

*W. H. Spencer,* for Respondent.

BELCHER, C. C. — The plaintiff commenced this action to recover the amount due on a promissory note, which was executed by the defendant, and was made payable to D. Low and Brother, or order. The complaint alleged · that at the time the note was executed the plaintiff and his brother, Edward Low, were partners, doing business under the firm name of D. Low and Brother, and that before the commencement of the action the note was sold, assigned, indorsed, and transferred by the payees thereof to the plaintiff. The answer denied the alleged sale, indorsement, and transfer of the note, and alleged that it

had been fully paid by the defendant. The case was tried before a jury, and the verdict and judgment were in favor of the plaintiff. The defendant moved for a new trial, and his motion being denied, appealed from the judgment and order.

In its first instruction the court told the jury that "by the pleadings defendant admits that he made a note to the plaintiff and his brother, Edward Low," etc. This language is claimed by appellant to be outside of the issues in the case and to be erroneous, because the allegation of the complaint, which was not denied, was, that the note was made to the plaintiff and his brother as partners, and not as individuals. There is nothing in this point, for conceding all that is claimed, the error, if any, was immaterial and harmless.

In the fourth instruction the court told the jury, in substance, that if before the commencement of the action the plaintiff, with the consent of his brother Edward, wrote across the back of the note "D. Low and Brother," with the intent to assign the same to himself, that this constituted a sufficient assignment and indorsement of the note, and he thereupon became the owner and holder thereof. We see no error in this instruction. It did not take from the jury the question as to whether the note was in fact assigned and delivered to plaintiff or not, but simply stated to them concisely the law applicable to the facts proved.

The fifth instruction is in these words: "If you find that the instructions from the plaintiff to the bank were to renew or collect the note before maturity, then I charge you any agreement the president of the bank may have made for extension of time to the defendant was not as agent for plaintiff, and was not binding upon plaintiff, and that plaintiff could, notwithstanding, at any time before the actual payment of the note to him or to his credit in the bank, commence an action against the defendant on the note."

This instruction was not very happily framed, but in view of the testimony, we are unable to see that the defendant was prejudiced by it. The plaintiff testified: " I authorized Mr. Andrews, the president of the bank of San Luis Obispo, to collect the note. I told Mr. Warden that he could pay the note to Mr. Andrews, the president of the bank of San Luis Obispo, or give another note." Mr. Andrews, for defendant, testified: " Mr. Low left the note, and asked me to attend to it, — look after it, — not to let it outlaw. Just before it was to outlaw I spoke to Mr. Warden about it. Mr. Low authorized me either to get another note, or take the money due on it. . . . . At the time the money was paid I told Mr. Warden that if he wanted a week's time to give a satisfactory note in lieu of the money, that he could have it. . . . . Mr. Low did not say anything to me to give time beyond the outlawing of the note. He told me not to let it outlaw." The money was paid to the bank on the ninth day of December, 1884, the action was commenced on the next day, and on the next day thereafter the note would have become outlawed. The plaintiff had a right to commence the action unless the note had in fact been paid.

Upon the question as to whether the note was paid or not the testimony was conflicting. The defendant testified: "I paid the note by leaving the money due on it in the bank of San Luis Obispo, on the ninth day of December, 1884, and took a receipt for the money to be applied on the note. I paid the principal and interest due on the note by leaving the money with the bank of San Luis Obispo, after having first had an understanding with the plaintiff to that effect. . . . . The understanding with the bank when I paid the money to it was that it should be applied on the note in payment of the principal and interest due on it, and I paid it in good faith."

On the other hand, the president and cashier of the bank both testified that the defendant deposited the

money in the bank in his own name and to his own credit, and then went away to try to get a new note with which to take up the old one, and that he subsequently drew all of this money out of the bank upon his own check.

The testimony in reference to the withdrawal of the money was objected to by the defendant as irrelevant and immaterial, and the objection overruled. We think the ruling proper. The testimony was admissible as tending to show that the defendant placed the money in the bank in his own name and for his own use, and not as a payment of his note.

The court instructed the jury upon the question of payment very fully and clearly, and in commencing one of its instructions upon this subject used these words: "This is a question of fact; and the main question, as it seems to me, is the question of payment." It is claimed that in so saying the court erred, because it thereby expressed an opinion with respect to a matter of fact, and in effect took from the jury the consideration of the question as to whether the note had been assigned or indorsed to the plaintiff, or not. We see no merit in this point. There was no conflict in reference to the indorsement and transfer of the note, and nearly all of the testimony was in relation to the question of payment. The words complained of added nothing to the instruction, but they in no way trenched, so far as we can see, upon that provision of the constitution which says that "judges shall not charge juries with respect to matters of fact, but may state the testimony and declare the law." (Art. 6, sec. 19.)

The defendant requested the court to give to the jury an instruction which reads as follows: "If you find from the evidence that before the commencement of this action the defendant paid to the bank of San Luis Obispo the amount due on said note at that time, the fact that the defendant subsequent to the commence-

ment of this action drew said money from said bank cuts no figure in the case, and you must find for the defendant."

The instruction was written with a pencil, and the court declined to consider it for that reason. Whether the reason assigned for refusing to give the instruction was a valid one or not, it is not necessary to determine. If given, the instruction would have been misleading and erroneous, and it might have been refused on that ground.

It would have told the jury, in effect, that if the defendant, before the commencement of the action, paid to the bank the amount of money due on the note, the verdict must be in his favor, whether the money was paid for the use of the plaintiff, and to be applied on his note, or upon his own account, and to be placed to his own credit. This is evidently not law, and it is not true, therefore, that the fact that defendant subsequently drew the money from the bank cut no figure in the case.

We find nothing in the record calling for a reversal of the judgment, and therefore advise that the judgment and order be affirmed.

Hayne, C., and Foote, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.